Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| William Rivera Otero  APELANTE  v.  Municipio de Bayamón; Mapfre Praico Autoridad de Acueductos y Alcantarillados; Compañía X; Asegurador X; Aseguradoras X; Corporaciones 1-10; Demandados Desconocidos 1-10.  APELADA | TA2025AP00656 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso Núm. BY2024CV04692  Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece ante nos el señor William Rivera Otero (en adelante la Parte Apelante) mediante un *Recurso de Apelación* instado el 9 de diciembre de 2025. En su recurso, nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia Sala Superior de Bayamón (en adelante TPI o foro primario) del 23 de octubre de 2025, en la cual declaró "Ha Lugar" la Moción de Sentencia Sumaria desestimando la demanda por prescripción.

Por los fundamentos que expondremos a continuación se confirma la Sentencia del Tribunal de Primera Instancia. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

# I.

El 12 de agosto de 2024, la Parte Apelante presentó una Demanda de Daños y Perjuicios en contra del Municipio de Bayamón, Mapfre Insurance Company (en adelante, "Mapfre") y la Autoridad de Acueductos y Alcantarillados (en adelante, "AAA").[1] Según surge de la Demanda, el 18 de septiembre de 2023, el Apelante estaba caminando en la Calle once (11) de la Urb. Sierra Linda en el Municipio de Bayamón y se tropezó con la tapa de un contador propiedad de la AAA y resulto en una caída en la que alegó haber sufrido daños.[2]

El 21 y 26 de agosto de 2024, se diligenciaron los emplazamientos a Mapfre y la AAA, respectivamente.[3] Luego, el 3 de septiembre de 2024, se diligenció el emplazamiento al Municipio de Bayamón.[4]

El 2 de diciembre de 2024, Mapfre y el Municipio de Bayamón presentaron su Contestación a Demanda.[5] En resumidas cuentas negaron la mayoría de las alegaciones y presentaron como defensa afirmativa que la demanda no aducía hechos que justificaran la concesión de un remedio, que la demanda estaba prescrita, entre otras.[6] El 3 de diciembre de 2024, la AAA presentó su Contestación a Demanda, el cual también estableció como defensa afirmativa la prescripción, entre otras.[7]

Posteriormente, el 18 de agosto de 2025, Mapfre y el Municipio de Bayamón, presentaron una Moción de Sentencia Sumaria Parcial.[8] En su escrito expusieron que:

> El 7 de abril de 2025 se le tomo la deposición a la parte demandante y en la misma este bajo juramento admite

---

[1] Véase Sistema Unificado de Manejo y Administración de Casos (SUMAC) entrada Núm. 1 ante el Tribunal de Primera Instancia (TPI).
[2] *Íd.*
[3] Véase SUMAC, Ent. Núm. 6 ante TPI.
[4] Véase SUMAC, Núm. 8 ante TPI.
[5] Véase SUMAC, Ent. Núm. 14 ante TPI.
[6] *Íd.*
[7] Véase SUMAC, Ent. Núm. 15 ante TPI.
[8] Véase SUMAC, Ent. Núm. 25 ante TPI.

que el accidente ocurrió cuatro años previos a la fecha en que se tomó la deposición. Lo anterior, coloca la fecha del accidente en el 2021. Habiéndose presentado la Demanda el 12 de agosto de 2024 y sin haberse interrumpido el termino prescriptivo extrajudicialmente procede que este Honorable Tribunal desestime por estar prescrita la causa de acción en contra de las aquí comparecientes.[9]

Por otro lado, el 18 de agosto de 2025, la AAA también presentó una Solicitud de Sentencia Sumaria en la cual señalaron que coinciden con el Municipio de Bayamón y Mapfre en torno a que la Demanda esta prescrita.[10]

El 28 de agosto de 2025, el Apelante presentó su Oposición a Solicitud de Sentencia Sumaria presentada por el Municipio de Bayamón y su aseguradora.[11] En su escrito reiteró que el día de los hechos ocurrió el 18 de septiembre de 2023, según se alegó en la Demanda.[12] Asimismo, señaló que "[a] consecuencia del dolor [por el cáncer] que sufría, se encontraba bajo fuertes medicamentos que le impedían recordar en ese preciso momento la fecha exacta del incidente".[13] (Subrayado omitido).  Asimismo, el 9 de septiembre de 2025, el Apelante presentó su Oposición a Solicitud de Sentencia Sumaria presentada por la AAA. [14] En síntesis, repitieron los mismos argumentos que en la Oposición en contra de Mapfre y el Municipio de Bayamón.

El 23 de octubre de 2025, el Tribunal de Primera Instancia emitió su Sentencia en la cual declaró "Ha Lugar" las mociones de Sentencia Sumaria de Mapfre, Municipio de Bayamón y AAA. Por consiguiente, desestimó la demanda con perjuicio, dado a que la causa de acción había prescrito.

---

[9] *Íd.*, pág.1.
[10] Véase SUMAC, Ent. Núm. 26 ante TPI.
[11] Véase SUMAC, Ent. Núm. 28 ante TPI.
[12] *Íd.*
[13] *Íd.*, pág.2.
[14] Véase SUMAC, Ent. Núm. 37 ante TPI.

El 7 de noviembre de 2025, el Apelante presentó una Moción Solicitando Reconsideración.[15] Por otro lado, el 11 de noviembre de 2025, Mapfre y el Municipio de Bayamón presentaron su Oposición a Reconsideración.[16] A su vez, el 12 de noviembre de 2025, el Tribunal de Primera Instancia notificó una Resolución en la cual dispuso que "[a]tendida la moción de reconsideración presentada por la parte demandante, se provee no ha lugar. No se ha esgrimido argumentos distintos que nos muevan a modificar la Sentencia". [17]

Inconforme con esa determinación, el 9 de diciembre de 2025, el Apelante presentó su Recurso de Apelación, en el cual realizó el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA RECLAMACI[Ó]N EN FAVOR DE MAPFRE PRAICO INSURANCE COMPANY, MUNICIPIO DE BAYAMON Y AAA POR ALEGADA PRESCRIPCION. (Negrillas omitidas).

## II.

### A. Prescripción

El Art. 1189 del Código Civil de 2020, 31 LPRA sec. 9841 define la prescripción como "una defensa que se opone a quien no ejercita un derecho de acción dentro del plazo de tiempo que la ley fija para invocarlo. Las acciones prescriben por el mero lapso del tiempo fijado por la ley". La prescripción es una institución de derecho civil sustantivo y no procesal, que obedece a una finalidad pública de darle seguridad a las relaciones jurídicas. *Maldonado Rivera v. Suaréz y otros,* 195 DPR 182, 193 (2016).

La prescripción es una defensa afirmativa que es oponible a quien no ejercita su causa de acción dentro del plazo establecido por la ley. 31 LPRA sec. 9481. El inciso (a) del Art. 1204 del Código Civil vigente establece que "[p]rescriben, salvo disposición diversa de la

---

[15] Véase SUMAC, Ent. Núm. 41 ante TPI.
[16] Véase SUMAC, Ent. Núm. 42 ante el TPI.
[17] Véase SUMAC, Ent. Núm. 43 ante el TPI.

ley: (a) por el transcurso de un (1) año, la reclamación para exigir responsabilidad extracontractual, *contado desde que la persona agraviada conoce la existencia del daño y quien lo causo*". (Énfasis suplido). Una vez el plazo establecido por ley vence, la prescripción surtirá efectos si es invocada por quien puede beneficiarse de esta defensa. 31 LPRA sec. 9484.

La prescripción tiene como fin castigar la inactividad de ejercer las causas de acción y impedir litigios que sean arduos de adjudicar debido a la antigüedad de la reclamación. *SLG García - Villega v. ELA et al*, 190 DPR 799, 813 (2014). De esta manera, "se evitan las consecuencias que genera la resucitación de reclamaciones viejas, como la pérdida de evidencia, la pérdida de testigos o la dificultad para contactarlos y la memoria imprecisa". *Íd.*

### III.

El 12 de agosto de 2024, el Apelante presentó una demanda en daños y perjuicios en contra del Municipio de Bayamón, Mapfre y AAA. En la demanda se alegó que sufrió una caída en la Urb. Sierra Linda en el término municipal de Bayamón, debido a que tropezó con un contador de la AAA. En la demanda se estableció que el incidente ocurrió el 18 de septiembre de 2023.

El 18 de agosto de 2025, Mapfre y el Municipio de Bayamón presentaron una Moción de Sentencia Sumaria en la cual establecieron que la demanda estaba prescrita. Como parte del descubrimiento de prueba se realizó una deposición al Apelante el 7 de abril de 2025. Según la transcripción de la deposición que consta en el expediente, el Apelante expuso que su caída fue hace cuatro (4) años. Citamos textualmente según surge de la deposición:

> P Pero usted dice que se enfermó.
> R Al yo caerme no podía estar yo parado por los dolores.
> P ¿Hace cuatro años dice usted?
> R Si.

> P Pero venga acá, ¿qué fue lo que le causo que usted dejara de trabajar? Explíqueme porque es que usted no está trabajando.
>
> *R (Ininteligible). Yo sufrí una caída en un contador de agua de (ininteligible).*
>
> *P ¿Hace cuatro años, hace cuatro años?*
>
> *R. Si. Me caí, el zapato se espetó en el contador de agua porque la tapa el gobierno de Bayamón no repara nada, nada.*[18] (Énfasis suplido).

Por consiguiente, al Apelante reconoció en su deposición que su caída fue alrededor de hace cuatro (4) años. El día de los hechos tuvo que ser alrededor del 2021. Según hemos señalado el Código Civil en su Art. 1204 establece que las causas de acción por responsabilidad extracontractual prescriben por el transcurso de un (1) año desde que la persona agraviada conoce la existencia del daño y quien lo causó. Debido a que, los días de los hechos ocurrieron en el año 2021 y el Apelante tener conocimiento que del presunto daño los responsables eran el Municipio de Bayamón y la AAA, se determina que la Demanda esta prescrita por haber vencido el plazo estatutario.

**IV.**

Por los fundamentos antes expuestos, se confirma la Sentencia dictada por el Tribunal de Primera Instancia.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[18] Véase SUMAC, Ent. Núm. 45 ante TPI, Anejo, pág. 13.